# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| TIMOTHY CLARKE | CIVIL ACTION NO. 17-1301 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANNY PATTON, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Motion for Partial Summary Judgment filed by Defendants, Danny Patton, J&J Machinery, Inc., and The Travelers Indemnity Company of America (hereinafter collectively referred to as "Defendants"). See Record Document 24. Noting that this Motion is unopposed by Plaintiff Timothy Clarke ("Clarke") and after a review of the record, Defendants' Motion is hereby **GRANTED**.

In September 2017, Clarke filed a personal injury lawsuit in the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, relating to a September 2016 motor vehicle accident that occurred on I-20 in Bossier Parish, Louisiana. See Record Document 1-1. The case was removed to this Court in October 2017. See Record Document 1. On December 4, 2018, Defendants filed the instant Motion for Partial Summary Judgment. See Record Document 24. Defendants move the Court for entry of partial summary judgment in their favor on the grounds that there is no genuine dispute as to any material fact as to medical causation of Clarke's knee injuries. See id. Thus, they argue they are entitled to partial summary judgment, rejecting Clarke's demands with regard to his alleged knee injuries against them as a matter of law. See id.

Rule 56(a) provides, in pertinent part:

> Motion for Summary Judgment or *Partial Summary Judgment*. A party may move for summary judgment, identifying each claim or defense–*or the part*

*of each claim or defense*–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 728. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2. "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v.

---

[1] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and Advisory Committee Notes.

Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

In the present matter, Clarke has not filed an opposition to Defendants' Motion for Partial Summary Judgment. On December 4, 2018, this Court issued a "Notice of Motion Setting" giving Clarke fourteen (14) calendar days from December 4, 2018 to file an opposition to Defendants' Motion for Partial Summary Judgment. See Record Document 25. He has not done so as of the drafting of this Memorandum Order. Thus, because the material facts set forth by Defendants (Record Document 24-2) have not been controverted, there is no genuine dispute of material fact for trial as to Clarke's claims for damages arising from his alleged knee injuries. Specifically, the following facts are deemed admitted by this Court for purposes of the instant motion:

- Clarke did not receive any treatment for his right knee until December 13, 2016, which was the first date he reported right knee swelling to Dr. Havard.

- Dr. Havard did not relate Clarke's right knee complaints to the subject accident.

- Clarke began treating with Dr. John Googe on February 20, 2017 for right knee pain.

- An MRI showed a medial meniscal tear in Clarke's right knee, and Dr. Googe performed a partial meniscectomy on July 25, 2017, which resolved his right knee complaints.

- Clarke underwent 31 total chiropractic treatments with Dr. Havard between October 4, 2016 and August 2, 2017, and never complained of left knee pain, nor did he receive any treatment for his left knee.

- The first time Clarke ever complained of left knee pain was on August 3, 2017, after the surgery on his right knee.

- Dr. Googe diagnosed a similar medial meniscal tear in Clarke's left knee, and performed the same procedure on that knee on August 30, 2017.

- The August 30, 2017 surgery resolved Clarke's left knee complaints.

- Both of Clarke's treating doctors, Dr. Havard and Dr. Googe, opined that a rotational force is required in order for a medial meniscal tear to occur, and that a direct impact to the front of the knee would not cause such a tear.

- No rotational force was exerted on either of Clarke's knees as a result of the subject accident.

- Neither of Clarke's treating doctors have opined that the subject accident was the medical cause of either his right or left knee injuries.

- Clarke testified that prior to the subject accident, he had never had any type of knee problems and had never received any medical treatment for his knees.

- In fact, Clarke had an extensive history of right knee issues predating the subject accident which he did not report to either of his treating doctors.

- Namely, Clarke was treated for recurrent right knee pain and swelling going back to at least 2012.

- There is no evidence that any action or inaction by Defendants was a cause of Clarke's right or left knee injuries.

Record Document 24-2 at ¶¶ 7-21; see also Local Rule 56.2.

Under Louisiana law, to succeed on a negligence claim, a plaintiff such as Clarke must prove:

> (1) the had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (breach of duty element); (3) the defendant's sub-standard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damages element).

In re W. Feliciana Acquisition, L.L.C., 744 F.3d 352, 359–60 (5th Cir. 2014), citing La. C.C. Art. 2315. "The test for determining the causal relationship between the tortious conduct

and subsequent injuries is whether the plaintiff proved through *medical testimony* that it was more probable than not that subsequent injuries were caused by the accident." Arabie v. CITGO Petroleum Corp., 2010-2605 (La. 3/13/12), 89 So.3d 307, 321, citing Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993) (emphasis added).

The undisputed facts in this case establish that both of Clarke's treating doctors opined that a rotational force is required in order for a medial meniscal tear to occur, and that a direct impact to the front of the knee would not cause such a tear. Here, no rotational force was exerted on either of Clarke's knees as a result of the subject accident. There is no medical evidence from either of Clarke's treating doctors (1) that the subject accident was the medical cause of his knee injuries; or (2) that any action or inaction by Defendants was a cause of Clarke's knee injuries.

Thus, in light of the deemed facts and the controlling law requiring medical evidence to establish cause-in-fact of an injury, this Court finds that Defendants' Motion for Partial Summary Judgment should be **GRANTED**. All of Clarke's claims for any and all damages related to his knee injuries are **DISMISSED WITH PREJUDICE**, at Clarke's sole cost.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of February, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT